# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 22-0711V

| | |
|---|---|
| VAN BLUE, JR., as parent and natural guardian of S.B., a minor,<br><br>       Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>       Respondent. | Chief Special Master Corcoran<br><br>Filed: July 8, 2024 |

*Paul R. Brazil*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Camille Michelle Collett*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING DAMAGES[1]

On June 24, 2022, Van Blue, Jr., filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that his child, S.B., suffered Guillain-Barre Syndrome ("GBS") following an influenza vaccination she received on October 2, 2019. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On February 10, 2023, a ruling on entitlement was issued, finding Petitioner entitled to compensation. On July 3, 2024, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $205,000.00 for pain and suffering, plus $83,926.76 to satisfy a Medicaid lien. Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Pursuant to the terms stated in the attached Proffer, **I award the following:**

- **A lump sum payment of $205,000.00 for pain and suffering in the form of a check payable to Petitioner, Van Blue, Jr. for the benefit of S.B.; and**

- **A lump sum payment of $83,926.76 in the form of a check jointly payable to Petitioner and the Department of Human Services, Recovery Section – CIS#320258727, P.O. Box 8486, Harrisburg, PA 17105-8486,** representing reimbursement of a Medicaid lien for services received by Petitioner from the State of Pennsylvania.

These amounts represent compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| S.B., a minor, *by and through her parent and natural guardian*, VAN BLUE, JR.<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | No. 22-711V<br>Chief Special Master Corcoran (SPU)<br>ECF |

**PROFFER ON AWARD OF COMPENSATION**[1]

On June 24, 2022, Van Blue Jr., ("petitioner") as parent and natural guardian of the minor child, S.B., filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"). Petitioner alleged that S.B. suffered a Table GBS injury, as the result of an influenza ("flu") vaccination received on October 2, 2019. Petition at 1.

On February 9, 2023, respondent filed his Vaccine Rule 4(c) report, concluding that S.B. suffered GBS as defined by the Vaccine Injury Table, within the Table timeframe, and with no apparent alternative cause. The next day, on February 10, 2023, Chief Special Master Corcoran issued a ruling on entitlement, finding that petitioner was entitled to compensation for S.B.'s Table GBS injury. The parties reached agreement on damages on June 10, 2024.

---

[1]   This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

1

I.   **Compensation for Vaccine Injury-Related Items**

A.   Pain and Suffering

Based upon the evidence of record, respondent proffers that petitioner, for the benefit of S.B., should be awarded a lump sum of **$205,000.00**, for pain and suffering, in the form of a check payable to petitioner.  Petitioner agrees.

B.   Medicaid Lien

Respondent proffers that petitioner should be awarded funds to satisfy the Commonwealth of Pennsylvania Medicaid lien in the amount of **$83,926.76**, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the Commonwealth of Pennsylvania may have against any individual as a result of any Medicaid payments the Commonwealth of Pennsylvania has made to or on behalf of S.B. through petitioner from the date of S.B.'s eligibility for benefits through the date of judgment in this case as a result of S.B.'s alleged vaccine-related injury suffered on or about October 13, 2019 under Title XIX of the Social Security Act.

The above amounts represent all elements of compensation to which petitioner, on S.B.'s behalf, would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

II.   **Form of the Award**

The parties recommend that the compensation provided to S.B. should be made through a combination of lump sum payments as described below, and request that the Chief Special Master's decision and the Court's judgment award the following:[2]

**A.**   A lump sum payment of $205,000.00 in the form of a check payable to petitioner

---

[2]   Should S.B. die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, lost future earnings, and future pain and suffering.

2

as guardian/conservator of S.B., for the benefit of S.B. Petitioner represents that petitioner presently is, or within 90 days of the date of judgment will become, duly authorized to serve as guardian/conservator of S.B.'s estate under the laws of the Commonwealth of Pennsylvania. No payments shall be made until petitioner provides respondent with documentation establishing that he has been appointed as the guardian/conservator of S.B.'s estate. If petitioner is not authorized by a court of competent jurisdiction to serve as guardian/conservator of the estate of S.B., any such payment shall be made to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of S.B. upon submission of written documentation of such appointment to the Secretary. Further, if guardianship is no longer required under the laws of the Commonwealth of Pennsylvania after S.B. has attained the age of majority, any such payment shall be paid to S.B. upon submission of written documentation of the termination of guardianship to the Secretary.

      **B.**      A lump sum payment of **$83,926.76**, representing compensation for satisfaction of the Commonwealth of Pennsylvania Medicaid lien, in the form of a check payable jointly to petitioner on S.B.'s behalf and:

> Department of Human Services
> Recovery Section – CIS #320358727
> P.O. Box 8486
> Harrisburg, PA 17105-8486

Petitioner agrees to endorse the check to the Pennsylvania Department of Human Services for satisfaction of the Medicaid lien.

**III.**    **<u>Summary of Recommended Payments Following Judgment</u>**

        **A.** Lump Sum paid to petitioner as legal guardian/conservator of the estate of S.B. for the benefit of S.B.    **$205,000.00**

    **B.**  Lump sum payment payable jointly to petitioner and the
Pennsylvania Department of Human Services in satisfaction
of the Commonwealth of Pennsylvania Medicaid Lien      **$83,926.76**

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

JULIA M. COLLISON
Assistant Director
Torts Branch, Civil Division

/s/ *Camille M. Collett*
CAMILLE M. COLLETT
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Ben Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-4098
Camille.M.Collett@usdoj.gov

Date:  July 3, 2024

4